Terry BARKER, Administrator of the
Estate of Nina C. Barker,
Deceased, Plaintiff,

v.

Joe T. BLEDSOE, M.D.; Amal Moorad,
M.D.; the Board of County Commission-
ers of Grady County, State of Oklahoma
(dismissed 2–9–79); and American Home
Products Corporation (add'l deft. 8–29–
78), Defendants.

No. CIV–78–0180.

United States District Court,
W. D. Oklahoma.

May 14, 1979.

James D. Grigsby, Allen B. Massie, John M. Merritt, Oklahoma City, Okl., for plaintiff.

Melvin R. Singleterry, Dist. Atty., and Larry F. Baresel, Asst. Dist. Atty., Chickasha, Okl., for Board of County Commissioners.

Robert C. Margo and John E. Wiggins of Short, Barnes, Wiggins & Margo, Oklahoma City, Okl., for Bledsoe and Moorad.

B. J. Cooper of Cooper, Steward & Elder, Oklahoma City, Okl., for American Home Products Corp.

## ORDER

RALPH G. THOMPSON, District Judge.

Plaintiff herein is the surviving spouse and administrator of the estate of Nina C. Barker, who died on November 28, 1976. Plaintiff sued the two doctors who attended the decedent, the hospital (which was later dismissed from suit), and subsequently, the manufacturer of the birth control pills being taken by decedent at the time of her death. Pretrial conferences were had on August 17, 1978, and February 7, 1979. Plaintiff was originally represented by James W. Grigsby and Allen B. Massie, but the Court was informed at the August 17th pretrial that John Merritt would be handling the case for plaintiff. On August 23, 1978, defendant doctors submitted interrogatories to plaintiff requesting, in essence, the name of plaintiff's expert, the substance of his testimony, and the basis of his opinion. As reflected in the brief in support of defendants' Motion to Compel, filed January 29, 1979, plaintiff's counsel was not cooperative in this request, and caused various problems with respect to other discovery matters. The Motion to Compel was granted at pretrial conference, February 7, 1979, and plaintiff given thirty days to supply answers. On the thirtieth day, plaintiff answered as follows:

"(a) Still investigating. So far, only Dr. Irvine of Lawton, Oklahoma, is expected to testify. We will need to complete our discovery to determine what other types of doctors will actually be used in the trial of this case.

(b) Still investigating. Appears death by blood clot and not from sub-arachnoid hemorrhage, but discovery and other information is still needed."

The answers were signed by John Merritt, but verified by Michael E. Warma, an associate of Merritt's.

Defendants deposed plaintiff's expert, Dr. Irvine, on March 28, 1979. During the course of the deposition testimony, Dr. Irvine revealed that he had performed an autopsy on decedent in September, 1978, at the direction of plaintiff's attorney and in the presence of a professional photographer employed by Merritt. Dr. Irvine further testified that due to the autopsy performed by him, the body of decedent was destroyed, further examination of the body would be

fruitless, and the photographs of the autopsy and his own findings were thus conclusive. Defendants' counsel, understandably upset at this revelation, moved to dismiss plaintiff's case and for costs and attorney's fees.

A hearing on the motion was had May 4, 1979. Defendants produced evidence showing that had accepted medical procedures been employed by Dr. Irvine, the autopsy would not have been destructive, but would have resulted in preservation of the organs, photographs with visible landmarks, tissue samples, and immediate, if not simultaneous, recordation of findings. These procedures, which would have enabled defendants' experts to come to some conclusion about the cause of death, were not followed, with the result that defendants are helpless to defend against the opinion of Dr. Irvine, due, according to defendants, to his negligent or intentional destruction of the body. At the hearing, the Court additionally directed certain questions to Merritt concerning the accuracy, sufficiency, truthfulness and completeness of his answers to interrogatories.

There are two important issues arising out of the facts as summarized above—(1) destruction of evidence without notice to an adverse party and (2) failure to comply with the Federal Rules of Civil Procedure with respect to discovery. These will be discussed in turn.

### Destruction of Evidence

In support of the propriety of the autopsy, plaintiff cites *Western States Construction Co. v. Stailey*, 461 P.2d 940, 944 (Okl. 1969):

"Lastly claimant contends that the autopsy report was inadmissible for the reason that the autopsy was performed without notice to the respondents. We know of no rule of law requiring the furnishing of notice of the performance of an autopsy to one who may have an indirect interest in the outcome of the autopsy. Respondents cite no case in support of their contention and we have found none. We find no merit in this contention."

The case is clearly inapplicable to the case at hand, for in *Stailey*, the autopsy had been performed the day after death, before any suit was filed. Surely plaintiff cannot seriously contend that defendants in a pending lawsuit, where the pivotal issue is the cause of death, have only "an indirect interest in the outcome of the autopsy". If so, the contention is patently without merit. The only authority supplied by plaintiff lends no support to the actions taken.

There is, however, an alarming lack of authority for the proposition that a party to a lawsuit cannot destroy an item of evidence in the course of, or after, his expert has examined it, tested it, and formed an opinion thereon, but before defendants are given notice or an opportunity to likewise examine it. Perhaps the absence of such authority is proof of the success of the legal system, when peopled by men and women of integrity. However abhorrent to principles of fair dealing, it appears that the tampering, destruction or suppression of evidence raises only a presumption that such evidence would have been unfavorable to the party responsible for doing it. *Wong v. Swier*, 267 F.2d 749 (9th Cir. 1959); see generally 29 Am.Jur.2d, Evidence § 177. The presumption is rebuttable and constitutes a question of fact. It is not necessary to apply these principles, for the reasons set out in the following section; the Court notes the state of the law for the purpose of recognizing the need for authorized sanctions in such cases. Our modern jurisprudence no longer fosters "trial by ambush". All parties are free to invoke the protection of this and other courts to protect their rights. However, this privilege carries a concomitant responsibility of fairness, both to the Court and the adverse party, in prosecuting one's suit. The requirement of due process is not an ephemeral concept, confined to the criminal arena, but extends to all litigants the standard of fundamental fairness in federal court. When an expert employed by a party or his attorney conducts an examination reasonably foreseeably destructive without notice to opposing counsel and such examination results in ei-

ther negligent or intentional destruction of evidence, thereby rendering it impossible for an opposing party to obtain a fair trial, it appears that the Court would be not only empowered, but required to take appropriate action, either to dismiss the suit altogether, or to ameliorate the ill-gotten advantage. A presumption as to certain evidence is simply not sufficient to protect against such conduct.

### Answers to Interrogatories

The facts and chronology concerning defendants' interrogatories to plaintiff have been set out at length above. Plaintiff failed entirely to answer interrogatories for more than five months. No justification has been shown for the failure to answer. Despite Merritt's recent formal entry of appearance for plaintiff (January 29, 1979) Merritt represented to Court and opposing counsel as early as August 17, 1978, that he would be lead counsel for plaintiff (see clerk's minute of August 17, 1978). Thus, counsel's claimed lack of familiarity with the facts serves as no justification. All sanctions defined in Rule 37(b) are available for total failure to answer interrogatories, even absent a motion to compel. Rule 37(d), Federal Rules of Civil Procedure. Such sanctions include dismissal and exclusion of evidence, in addition to costs and attorney's fees. Defendants' motion, filed January 29, 1979, requested that the Court compel answers to interrogatories, or in the alternative to dismiss. The Court compelled the answers rather than dismiss the case, although dismissal would have been proper. Plaintiff was, as of February 7, 1979, under a Court order to provide answers to defendants. Answers were provided, which, counsel admitted to the Court, "may have been somewhat remiss" in their lack of specificity. Counsel places great reliance on the fact that Dr. Irvine's report was not final, that the deposition of one of the defendant doctors had not been taken, and that the photographs of the autopsy had not been returned to Dr. Irvine, concluding that until these steps had been accomplished, no opinion could be finally stated. Thus, he concludes, "still investigating"

was a proper answer. Counsel misperceives the function and purpose of answers to interrogatories. Under the Federal Rules, discovery is an on-going process. Plaintiff must answer defendants' interrogatories to the best of his ability within thirty days. Plaintiff could have moved for a protective order, or other appropriate order as provided in Rule 33(b), to protect from revealing expert opinion when it was not fully formed. No party may, however, simply delay answering interrogatories until the day or the month before trial, when all facts are known and theories finalized, before informing opposing counsel of the theory of the case. Defendants' questions were designed so as to give defendants an idea of what they would be defending against, so that they, too, could proceed with their own discovery and witness preparation. Plaintiff's counsel's long discourse at hearing concerning the reasons he could not answer with particularity is without merit. Answers given at initial stages of discovery are not expected to be final, and are not binding to the party giving them. See 8 Wright & Miller, Civil Practice and Procedure § 2181. Thus the duty of supplementing answers. Rule 26(e), Federal Rules of Civil Procedure. Plaintiff's counsel argues that his answers of March 9 were complete, under the circumstances; that there was no prejudice to defendants as they learned of the autopsy and Dr. Irvine's opinions at deposition 19 days later; and that absent a motion to compel more responsive answer in compliance with local rule 13(d), no sanctions are available to defendants. At the time defendants moved to compel answers or in the alternative to dismiss, the Court had all sanctions provided in Rule 37(b) available. Rule 37(d). Plaintiff has failed to supplement the "somewhat remiss" answers given, again invoking all the sanctions of Rule 37(b). See 8 Wright & Miller, Civil Practice and Procedure § 2050. Even without a rule explicitly defining a violation, the Court has inherent power to insure a fair and orderly trial. *Halverson v. Campbell Soup Co.*, 374 F.2d 810 (7th Cir. 1967). The Court has

wide discretion in applying sanctions to protect the pretrial discovery process. *Price v. Lake Sales Supply R. M., Inc.*, 510 F.2d 388 (10th Cir. 1974). Counsel's failure to answer interrogatories without Court order, counsel's failure to appear at the second pretrial conference where discovery problems would be discussed, counsel's failure to verify his own signed answers and counsel's concealment of the fact of an autopsy and findings therefrom until 11 days prior to the agreed discovery completion date all testify to his lack of good faith in this matter. Plaintiff has failed to comply with the Federal Rules of Civil Procedure regarding discovery, both in failing to answer interrogatories, actively concealing relevant and helpful information when answers were finally filed, and failing to supplement those paltry answers. While dismissal is a sanction under Rule 37(b), and defendants have cogently argued that dismissal should result, it appears that dismissal is too harsh a penalty for plaintiff, whose participation in the complained of actions went no further than his choice of an attorney. See, e. g., Annot., 11 A.L.R.3d 1153 (1967). Instead, as authorized by Rule 37(b)(2)(B), the Court hereby orders that plaintiff is prohibited from using at trial any evidence, opinion, or inference arising from Dr. Irvine's autopsy. The Court has considered, on a practical level, the admissibility of Dr. Irvine's testimony apart from the autopsy, and concludes that any opinion formed or testified to by Dr. Irvine is so tainted by his presence at and performance of the autopsy that it would be totally unrealistic to expect his opinion to be free of conclusions drawn from inadmissible evidence. Dr. Irvine is therefore prohibited from testifying in this action. The Court notes that plaintiff is not prohibited from producing expert evidence from any other source, which opinion will, of necessity, be drawn from the same sources available to defendants. Considering the totality of the circumstances, as discussed herein, this sanction is not overly severe.

Finally, the Court finds plaintiff's counsel's failure to comply with the Federal Rules to be unjustified, and as explained above, in bad faith. Plaintiff himself took no part in the conduct here complained of, rather, plaintiff's counsel, John Merritt, is directly and solely responsible for the opprobrious violations of the Rules and therefore costs and attorney's fees in connection with this motion will be levied against John Merritt personally. Rule 37(b)(2)(E). The Court will assess said costs and attorney's fees by separate order.

In accordance with the foregoing, defendants' Motions to Dismiss are denied; however, the Court prohibits plaintiff from introducing any evidence, of whatever nature, arising out of the autopsy of decedent, including the testimony of Dr. Irvine. Costs and attorneys fees in connection with this motion shall be awarded against John Merritt personally, and shall be set by separate order.