1998 OK 53

Donna Marie HOLM–WADDLE, Individually and on behalf of the Estate of Bonnie Mae Risner, Deceased, Appellant,

v.

WILLIAM D. HAWLEY, M.D., INC., a corporation and William D. Hawley, Individually, Appellee.

No. 88650.

Supreme Court of Oklahoma.

June 23, 1998.

Rehearing Denied Sept. 16, 1998.

3. See *In the Matter of Adoption of Siefner,* 1981 OK CIV APP 12, 627 P.2d 456.

E.W. Keller, Henry Dalton, Keller, Keller & Dalton, Oklahoma City, Oklahoma, For Appellant.

John Wiggins, Robert C. Margo, Gregg Luther, Short, Wiggons, Margo & Adler, Oklahoma City, Oklahoma, For Appellee.

Karen M. Grundy, Best Sharp Holden, Best, Sullivan & Kempfert, Tulsa, Oklahoma, For Amicus Curiae, Oklahoma State Medical Association.

HODGES, J.

¶ 1 This appeal raises three issues regarding admission of evidence in the jury trial of a medical malpractice action. First, is mere membership in a mutual medical malpractice insurance company admissible to demonstrate bias or prejudice on the part of a defense expert when the defendant is also a member? It is not. Second, was evidence of an undisclosed autopsy properly excluded? It was. Third, did the trial court abuse its discretion by allowing defense counsel's comments during *voir dire?* It did not. Because no abuse of discretion has been demonstrated, the trial court's judgment on the jury verdict is affirmed.

¶ 2 In July, 1990, Defendant, William Hawley, M.D., performed a procedure to bypass clogged arteries in the heart of decedent, Bonnie Risner. Ms. Risner had silicone breast implants surgically placed in 1980.

¶ 3 In July 1992, Mr. Risner brought a medical malpractice action against Defendant alleging that, during the bypass surgery, he allowed silicone to migrate into the pleural space between her chest wall and her left lung. Ms. Risner died on November 22, 1994, while her malpractice action was pending. Her daughter, Donna Marie Holm–Waddle, was substituted as Plaintiff.

¶ 4 On January 17, 1995, Defendant's counsel learned of Ms. Risner's death. Two weeks later, Defendant's counsel learned that an autopsy had been performed following Ms. Risner's death. It was performed by Plaintiff's expert witness. No notice of the autopsy and no autopsy report were provided to Defendant. Ms. Risner's body was subsequently cremated.

¶ 5 The malpractice action proceeded to jury trial in November, 1996. The jury

returned a unanimous verdict for Defendant. Plaintiff asserts error in three of the trial court's evidentiary decisions. Rulings concerning the admission of evidence are measured against the abuse of discretion standard. *See Jordan v. General Motors Corp.* 590 P.2d 193, 196 (Okla.1979).

## I.

██ ¶ 6 Plaintiff argues that the trial court should not have excluded evidence that the Defendant's expert witness and Defendant were both members of a mutual medical malpractice insurance company. The issue of whether a medical expert and a defendant's common membership in a mutual insurance company can be used to impeach the expert in a medical malpractice action was answered by this Court's recent decision in *Mills v. Grotheer*, 957 P.2d 540 (Okla. 1998). There, this Court held that the degree of connection between the witness and a defendant's insurer must be something more than mere membership in a mutual insurance company before evidence of the relationship becomes probative enough to substantially outweigh its danger of prejudice. *Id.* at 543.

¶ 7 In this matter, nothing more than common membership in a mutual insurance company is alleged. The trial court did not abuse its discretion by precluding such evidence.

## II.

██ ¶ 8 This malpractice action was pending for two years and four months before Ms. Risner's death. An autopsy was performed by a medical expert hired by Plaintiff's counsel. The autopsy was limited to the lungs, left breast, and heart, the organs concerned in this malpractice action. Ms. Risner's body was then cremated. No notice was given to Defendant of Ms. Risner's death, the subsequent autopsy, or the cremation. Defendant's counsel learned of the autopsy over two months later while interviewing a potential witness.

¶ 9 Defendant moved to dismiss the action citing a party's duty to supplement discovery and a lawyer's ethical duty not to obstruct another party's access to evidence.

Rather than dismissing the action, however, the trial court prohibited any use of evidence from the autopsy except "samples and slides from the autopsy to which defendants reserve further objections." The trial court noted its specific finding of "gross and intentional misconduct" on the part of Plaintiff's expert witness and Ms. Risner's family in the handling of the autopsy.

¶ 10 Plaintiff argues that the trial court abused its discretion by excluding evidence of the undisclosed autopsy because Oklahoma law does not require notice prior to surgical procedures. Plaintiff cites *Western State Construction Co. v. Stailey*, 461 P.2d 940 (Okla.1969). In *Stailey*, a workers' compensation respondent sought to exclude an autopsy report because no notice of the procedure had been provided. The critical fact in *Stailey* was that the autopsy was performed before any claim for compensation was filed. This Court found no duty to furnish notice of the performance of an autopsy to "one who may have an indirect interest" in its outcome. *Id.* at 944. That holding, however, does not apply to this matter. Defendant cannot be said to have merely an indirect interest in the outcome of the autopsy. Rather, this matter in controlled by the rule in *Barker v. Bledsoe*, 85 F.R.D. 545 (W.D.Okla.1979). In *Barker*, an undisclosed autopsy was performed while a wrongful death action alleging malpractice was pending. The federal court articulated the following rule:

> When an expert employed by a party or his attorney conducts an examination reasonably foreseeably destructive without notice to opposing counsel and such examination results in either negligent or intentional destruction of evidence, thereby rendering it impossible for an opposing party to obtain a fair trial; it appears that the Court would be not only be empowered, but required to take appropriate action, either to dismiss the suit altogether, or to ameliorate the ill-gotten advantage.

*Id.* at 547–48.

¶ 11 Defendant was entitled to notice of the autopsy performed on Ms. Risner. Notice was not given. Under the authority of *Barker*, the trial court could have dismissed the action. The trial court chose instead,

however, to ameliorate the ill-gotten advantage by suppressing most of the evidence of the autopsy. No abuse of discretion has been demonstrated.

### III.

¶ 12 Plaintiff complains that the trial court did not scrupulously guard against defense counsel's injection of argument and repetition of questions during *voir dire* in violation of Rule 6 of the Rules for the District Court which provides:

> The judge shall initiate the voir dire examination of jurors by identifying the parties and their respective counsel. He may outline the nature of the case, the issues of fact and law to be tried, and may then put to the jurors any questions regarding their qualifications to serve as jurors in the cause on trial. The parties or their attorneys shall be allowed a reasonable opportunity to supplement such examination. Counsel shall scrupulously guard against injecting any argument in their voir dire examination and shall refrain from asking a juror how he would decide hypothetical questions involving law or facts. Counsel shall avoid repetition, shall not call jurors by their first names or indulge in other familiarities with individual jurors, and shall be fair to the court and opposing counsel.

Okla.Stat. tit. 12, ch. 2, app. (1991). Plaintiff points to specific instances which demonstrate the "inadequacy of judicial response" to violations which "substantially influenc[ed] the jury." None of the questions which Plaintiff claims were improper, however, rise to the level of a violation of Rule 6.

¶ 13 Under Oklahoma law, the manner and extent of *voir dire* is within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Mitchell v. State,* 884 P.2d 1186, 1195 (Okla.Crim.App.1994). No abuse of the trial court's discretion has been demonstrated.

### Conclusion

¶ 14 Plaintiff has failed to demonstrate any abuse of discretion by the trial court.

The trial court's judgment on the jury verdict is therefore affirmed.

AFFIRMED.

¶ 15 SUMMERS, V.C.J., LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, WATT, JJ., concur.

¶ 16 KAUGER, C.J., concurs by reason of stare decisis.

¶ 17 OPALA, J., concurs in result.