2000 OK 38

## TAL TECHNOLOGIES, INC., Plaintiff/Appellant,

v.

L.D. RHODES OIL CO., an Oklahoma corporation; L.D. Rhodes, an individual; John Does Nos. 1—10; ABC Corp., DEF Corp. and GHI Corp., being certain unknown persons and business entities fictitiously named, Defendants/Appellees.

No. 91,337.

Supreme Court of Oklahoma.

May 16, 2000.

---

Bob Lake Grove, Oklahoma City, Oklahoma, for Appellant.

Allen Campbell, Thomas J. Daniel IV, R. Todd Waddell, Oklahoma City, Oklahoma, for Appellees.

HARGRAVE, V.C.J.

¶ 1 The dispositive issue before us is whether a motion for sanctions was untimely where the appellees failed to comply with the "safe harbor" provision of title 12 O.S. Supp.

1994 § 2011(C)(1)(a). We hold that it was. The motion for sanctions was not served upon the plaintiff twenty-one (21) days prior to filing the motion for sanctions with the trial court. The motion for sanctions was filed with the trial court after the plaintiff voluntarily had withdrawn the offending pleading. There is no basis under 12 O.S. Supp.1994 § 2011(C)(1)(a) for the imposition of sanctions if the offending pleading has been withdrawn prior to service of a motion for sanctions on the offending party.

I. BACKGROUND

¶ 2 The plaintiff, adjacent real property owner, sued the defendants in 1995, alleging that defendants had polluted plaintiff's property. While that lawsuit was pending, the City of Oklahoma City filed an action in March 1997 to condemn the property belonging to Defendant L.D. Rhodes Oil Company and fixed the amount of the award at $32,-000.00. In January 1998 plaintiff filed an application to impose a constructive trust on defendant Rhodes' share of the award in the condemnation case.

¶ 3 Appellees L.D. Rhodes Oil Company and L.D. Rhodes, an individual, (hereinafter collectively "Rhodes") issued discovery requests to plaintiff on January 23, 1998, in order to ascertain the basis for the constructive trust, and also seeking to shorten the answer-time for discovery. The hearing on the application for constructive trust was set for March 20, 1998. Plaintiff's attorney withdrew from the case and Rhodes agreed to a thirty-day stay in order for plaintiff to find new counsel. On March 3, Rhodes filed an application for disbursal of its share of the condemnation award, and later took the deposition of plaintiff's president. On March 13, 1998, plaintiff faxed Rhodes its responses to the discovery requests.

¶ 4 On March 19, 1998, the day before the hearing on the application for imposition of a constructive trust, plaintiff filed a withdrawal of its application and faxed a copy of the withdrawal to Rhodes that evening. On March 25, 1998, Rhodes moved for sanctions against the plaintiff, pursuant to 12 O.S. Supp.1994 § 2011(C)(1)(a), alleging that plaintiff's application and actions had caused

needless increase in the costs of litigation and unnecessary delay in defendants' receipt of its share of the condemnation award. After a hearing, at which the plaintiff did not appear, the trial judge imposed sanctions. The trial court found that a violation of 12 O.S. Supp.1994 § 2011(B)(1) had occurred and determined that the plaintiff's application for a constructive trust was presented to cause unnecessary delay or needless increase in the cost of litigation. The plaintiff appealed.

¶ 5 The Court of Civil Appeals, with one judge concurring specially[1] and one judge dissenting, affirmed the imposition of sanctions, but reversed in part for a *Burk*[2] hearing on the amount of the attorney fees. The Court of Civil Appeals opinion determined that the so-called "safe harbor" provisions of § 2011(C)(1)(a) did not apply where the offending pleading had been withdrawn *before* the motion for sanctions was filed. The plaintiff filed a petition for writ of certiorari, arguing that the statute clearly provides that if the offending pleading is withdrawn within twenty-one days after filing of the motion for sanctions, the motion cannot be presented to the trial judge. Under the reasoning of the Court of Civil Appeals, however, a party who voluntarily withdraws the offending pleading *before* the motion for sanctions is filed, can be sanctioned. We granted the petition for writ of certiorari.

## II. Title 12 O.S. Supp.1994 § 2011(C)(1)(a)[3]

¶ 6 Title12 O.S. Supp.1994 § 2011(C) provides only two methods for obtaining sanctions: First, a party may move for sanctions by following the requirements of § 2011(C)(1)(a). Second, the trial court may initiate sanctions on its own initiative by following the requirements of § 2011(C)(1)(b). Under § 2011(C)(1)(a), the motion cannot be filed or presented to the trial court until the party has been served with the motion for sanctions and given

twenty-one (21) days in which to withdraw the offending pleading (the so-called "safe-harbor" period). Specifically, the section provides, in pertinent part:

"C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B ... has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys ... or parties that have violated subsection B of this section ...

1. HOW INITIATED.

a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subsection B of this section. *It shall be served* as provided in Section 2005 of this title, *but shall not be filed with or presented to the court unless, within twenty-one days after service of the motion* or such other period as the court may prescribe, *the challenged paper,* claim, defense, contention, allegation or denial *is not withdrawn* or appropriately corrected ..." (emphasis added).

¶ 7 The motion for sanctions must be made separately from other filings, and must describe the specific conduct that allegedly violates Section B. It must be served on the offending party, but it may not be either filed with or presented to the trial court unless the offending pleading has not been withdrawn within twenty-one days after notice is served. So, if the offending pleading is withdrawn during the "safe-harbor" period, the motion may not be filed with or heard by the trial court.

¶ 8 In the case at bar, notice of the motion for sanctions never was served on the plaintiff. One week after plaintiff voluntarily withdrew the application for a constructive trust, Rhodes filed the motion for sanctions with the trial court. Rhodes argues that

---

1. The special concurrence would have deemed sanctions proper under 12 O.S.1994 Supp. § 2011(C)(1)(b), which sets out the procedure whereby the trial court can impose sanctions on its own motion.

2. *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659.

3. Title 12 O.S. Supp.1994 § 2011(C) is virtually identical to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A.. Rule 11 was amended April 22, 1993, effective December 1, 1993. Corresponding changes to § 2011 were adopted in Oklahoma effective September 1, 1994 by Laws 1994, ch. 343 § 11.

because the pleading already had been withdrawn, the twenty-one-day safe harbor provision of 2011(C)(1)(a) does not apply and sanctions may be imposed. Otherwise, Rhodes argues, an "absurd result" is reached because a party could file harassing documents repeatedly, but could then withdraw them before a motion for sanctions was served on him and thereby avoid being sanctioned. The same result obtains, however, if the harassing documents are withdrawn within twenty-one days of service of a motion for sanctions. That is, the appellees are in no worse position than if they had complied with the safe harbor provision and the plaintiff had withdrawn its pleading within twenty-one days.

¶ 9 Federal cases interpreting Rule 11 have determined that failure to comply with the safe harbor provision is fatal to a motion for sanctions. *See, Barber v. Miller*, 146 F.3d 707 (9th Cir.1998) (reversing Rule 11 sanctions because the motion for sanctions was not served 21 days before filing it), *Ridder v. City of Springfield*, 109 F.3d 288, 294–95, 297 (6th Cir.1997), *cert den.* 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998) (disallowed Rule 11 sanctions because defendant failed to comply with the Rule's explicit procedural prerequisite), *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528–29 (10th Cir.1997) ("Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions.")

¶ 10 In *Ridder*, the court considered the propriety of sanctions under Rule 11 when a motion for sanctions was filed without satisfying the requisite "safe harbor" period *and* after the court had entered summary judgment. The court discussed the Advisory Committee Notes to the 1993 amendments to Rule 11, Fed.R.Civ.P., in which the drafters stated:

"These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a speci-

fied allegation ... [T]he timely withdrawal of a contention will protect a party against a motion for sanctions. Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments)," cited at 109 F.3d at 294.

¶ 11 The *Ridder* court found that there was no question that defendant had failed to comply with the "safe harbor" procedural prerequisite of the rule because it admitted that it did not serve the motion for sanctions on plaintiff prior to filing the motion with the court. The defendant had argued that requiring compliance with the safe harbor provision after summary judgment was granted was a "vain act." The court noted however that cases such as *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995) have found that the plain language of the rule indicates that the "safe harbor" provision is mandatory.

¶ 12 State courts interpreting statutes patterned after Rule 11 have found that compliance with the safe harbor provision is a prerequisite to the imposition of sanctions under (C)(1)(a). *See, for example, Bennington Realty, LLC v. Jard Co., Inc.,* 726 A.2d 56 (Vt.1999), *Goodstone v. Southwest Airlines Co.,* 63 Cal.App.4th 406, 73 Cal.Rptr.2d 655 (CA Ct.App. 2nd Dist.1998), *Goldberg, Marchesano, Kohlman, Inc. v. Old Republic Surety Co.,* 727 A.2d 858 (D.C.App.1999). *See also dicta in Squillace v. Kelley,* 990 P.2d 497, 500 (Wyo.1999).

■ ¶ 13 It is clear from the language of the rule that the legislature intended that a party could avoid sanctions altogether by withdrawing or appropriately correcting the offending pleading within the safe harbor period. The statute provides for the imposing of sanctions pursuant to a motion filed under subsection C(1)(a) *only* after party has had an opportunity to withdraw the offending pleading. In our view, a result clearly not intended by the statute would obtain if voluntary withdrawal of an offending pleading placed a party in a more precarious position than if he had waited to withdraw the pleading after the motion for sanctions was served. The statute, whether fairly or not, permits sanctions to be imposed only where the offending matter is not withdrawn by the filing party within the safe-harbor period. Any shortcomings in the statute are for the legislature, not this Court, to correct.

¶ 14 We review the correctness of the trial court's imposition of sanctions under the abuse of discretion standard. *Hammonds v. Osteopathic Hosp. Founders,* 934 P.2d 319, 322 (Okla.1996). A court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir.1997), *citing Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990). The trial court erred as a matter of law in applying § 2011(C)(1)(a) sanctions where the statute's procedural requirements had not been complied with.

¶ 15 Finally, although 12 O.S. Supp.1994 § 2011(C)(1)(b) provides a procedure for imposition of sanctions on the trial court's own initiative, that procedure was not followed in the case at bar. Section C(1)(b) provides for imposition of sanctions on the trial court's initiative only after a show cause order describing the offending conduct has been issued and the offending party given a chance to be heard. No show cause order was issued in the case at bar; the trial judge granted appellees' motion for sanctions.

¶ 16 We have previously granted certiorari and we now vacate the opinion of the Court of Civil Appeals, and reverse the trial court.

CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED AND THE TRIAL COURT IS REVERSED.

¶ 17 SUMMERS, C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 18 WATT, J., dissents.