2012 OK CIV APP 44

Richard C. BARNETT, Plaintiff/Appellee,

v.

Darryl K. SIMMONS and Paul K. Franks, Individually and as Partners d/b/a Rock Oil Company, Defendants/Appellants.

Nos. 107,957, 107,560.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 6, 2012.

Certiorari Denied April 16, 2012.

James Wiley Rusher, Heath E. Hardcastle, Albright, Rusher & Hardcastle, Tulsa, Oklahoma, for Plaintiff/Appellee.

Roger K. Eldredge, Ladner, Little & Eldredge, Tulsa, Oklahoma, for Defendants/Appellants.

WM. C. HETHERINGTON, JR., Judge.

¶1 Rock Oil Company and its partners Darryl K. Simmons and Paul A. Franks (collectively, Rock Oil) appeal denial of its motion for an award of attorney fees and costs in discovery sanction proceedings.[1] Following review of the facts and law, we conclude the trial court did not abuse its discretion by denying such an award after finding Richard C. Barnett (Barnett) was substantially justified in his actions and the imposition of such an award would be unjust. The order denying Rock Oil an award of attorney fees and costs is **AFFIRMED.**

### STANDARD OF REVIEW

■ ¶2 "We review the correctness of the trial court's imposition of sanctions under the abuse of discretion standard." *TAL Technologies, Inc. v. L.D. Rhodes Oil Co.,* 2000 OK 38, ¶14, 4 P.3d 1256, 1260. When making that decision, the trial court's discretion, while broad, is not unbridled, and the sanction must be both fair and related to the particular claim or defense at issue in the discovery order. *Payne v. Dewitt,* 1999 OK 93, ¶9, 995 P.2d 1088, 1093. Proceedings to impose sanctions are considered equitable in nature. *State ex rel. Tal v. City of Oklahoma City,* 2002 OK 97, 61 P.3d 234. "To reverse for abuse of discretion we must determine the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, 619 P.2d 608, 612." *Id.* ¶3, 61 P.3d at

240. A trial court's ruling on a request for sanctions will not be disturbed unless contrary to the weight of evidence or to a governing principle of law. *Id.* "In order to determine whether there was an abuse of discretion, a review of the facts and the law is essential." *Board of Regents of University of Oklahoma v. National Collegiate Athletic Association,* 1977 OK 17, ¶3, 561 P.2d 499, 502.

### The Facts

¶3 On May 22, 2002, Barnett, owner of a .21875 overriding royalty interest in the Osborn Lease,[2] sued Rock Oil in Case No. 2002–02886 in Tulsa County, claiming, *inter alia,* he had not been paid all royalties due him, Rock Oil was illegally moving oil produced from the Osborn Lease to the Jenny Murray Lease "and possibly to other leases," and it was imprudently allowing drainage. Barnett claimed Rock Oil breached a division order contract, breached fiduciary duties of prudent development, breached statutory duties under 52 O.S.2001 § 570.10 and § 570.4(C), committed conversion and it was unjustly enriched. He requested damages for these alleged offenses, including exemplary damages, and asked for an award of interest at 12% pursuant to 52 O.S.2001 § 570.10(D), plus attorney fees and costs pursuant to 52 O.S.2001 § 570.14. Barnett moved for the appointment of a receiver to operate the Osborn Lease. The litigation proceeded and Rock Oil sought discovery of files on Barnett's computer containing certain information[3] and filed a motion to compel its discovery of its electronic files. Rock Oil's motion to compel production was granted on October 25, 2004.

¶4 Meanwhile, Barnett, claiming his computer was malfunctioning, took actions in November of 2004 which he claims were de-

---

1. The sanction Proceedings were conducted following remand of the case by the Oklahoma Supreme Court for reconsideration because, when initially determining discovery sanctions, "the trial court failed to take into account varying degrees of willfulness and failed to consider the standard set out in *Holm–Waddle v. William D. Hawley, M.D.,* 1998 OK 53, [¶¶6–10], 967 P.2d 1180, 1182." *Barnett v. Simmons,* 2008 OK 100, ¶25, 197 P.3d 12, 21.

2. N/2 SE/4 Section 5, Township 21 North, Range 13 East

3. According to the Oklahoma Supreme Court, Barnett kept files on his computer relating to his claims against Rock Oil such as measurements from oil tanks. 2008 OK 100, ¶2, 197 P.3d at 14. Rock Oil sought non-privileged electronic files which referred or related to certain named people, places, themes, and governmental agencies. 2008 OK 100, ¶4, 197 P.3d at 15.

signed to repair its function. Barnett did not advise Rock Oil prior to taking steps he claims were to remove computer viruses, malware, and spyware programs. Rock Oil claims Barnett committed spoilation of evidence by his actions.

¶ 5 According to docket sheets, the trial court appointed a computer expert to examine the hard drive in Barnett's computer. On January 5.2005, Barnett voluntarily dismissed without prejudice his original lawsuit pursuant to 12 O.S.Supp.2004 § 684.[4] However, the trial court retained jurisdiction to impose sanctions for the violation of orders entered prior to the dismissal. *Bentley v. Hickory Coal Corporation*, 1992 OK CIV APP 68, 849 P.2d 417 ("Ordered Published by the Supreme Court and Given Precedent").

¶ 6 After Rock Oil discovered Barnett had allowed or used wiping programs on his computer, it moved for sanctions. The trial court denied Rock Oil's motion for sanctions/contempt for violation of the trial court's discovery order and due to Barnett's alleged destruction of computer files. Rock Oil appealed the order. The case was remanded because the Oklahoma Supreme Court concluded an improper standard was applied for sanctions and findings were not made regarding whether Barnett "failed to obey the court's order, whether [Barnett] violated his duty to preserve evidence, the level of [Barnett's] culpability and whether Rock Oil was unfairly prejudiced." 2008 OK 100, ¶ 27, 197 P.3d at 21.

¶ 7 After remand, the trial court entered findings that: (1) Barnett failed to obey its order compelling production of his computer's hard drive; (2) "Barnett violated his duty to preserve evidence and was negligent"; (3) Barnett knew the hard drive was subject to discovery, the trial court had granted the motion to compel, and the information on his computer was relevant to the pending litigation and may have led to admissible evidence, but he allowed the computer to be altered without giving notice to opposing counsel or the person he hired to repair his computer; (4) the trial court "does not find that Barnett 'intended' to alter the hard drive by his actions"; (5) Rock Oil was "unfairly prejudiced by the actions of Barnett"; and (6) sanctions against Barnett are appropriate under *Holm–Waddle*. When considering appropriate sanctions, the trial court applied considerations pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). Ultimately, after the trial court modified its initial order, Barnett was barred to the extent they arose on or before January 24, 2005, the day Rock Oil moved for sanctions.

¶ 8 Rock Oil moved for motion for an award of attorney fees and costs. Rock Oil sought $151,512.42 for attorney fees and expenses claimed incurred through May 15, 2009. In a supplement to its motion filed July 8, 2009, Rock Oil sought an additional $10,363.50 in attorney fees and $223.40 in costs. The trial court denied Rock Oil's motion, finding Barnett was substantially justified in his actions and imposition of such a sanction would be unjust. Motions for new trial filed separately by Rock Oil and Barnett were denied.

### The Appeal

¶ 9 Rock Oil claims the trial court abused its discretion by denying its motion for attorney fees and costs under 12 O.S.Supp.2002 § 3237. Section 3237(B) provides, in pertinent part:

> the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, *unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)

Rock Oil argues Barnett failed to carry his burden of proving substantial justification for his acts and omissions. It argues reasonable people could not differ when evaluating Barnett's conduct and that given the posture of

---

4. The opinion of the Oklahoma Supreme Court, 2008 OK 100, n. 1, 197 P.3d at 15, notes the appellate record before it indicated Barrett "re-

filed some of his claims in Case No. CJ–06–49 in Tulsa County District Court, styled *Barnett v. Simmons.*"

the case, he should have notified it prior taking any action.

¶ 10 According to letters appended in support of a motion to compel filed by Rock Oil on October 4, 2004, the parties were in negotiations over several months regarding the production and examination of Barnett's computer files and they had reached an agreement. Rock Oil claimed Barnett breached the agreement by seeking to limit the examination's scope. Barnett claimed Rock Oil's request for a clone of his computer would fail to protect confidential information which could not be protected by a protective order because there was no longer a pending case.

¶ 11 The case docket reflects that the trial judge granted Rock Oil's motion to compel production of Barnett's computer on October 25, 2004. Later, after the remand and the trial court's grant of its motion for sanctions, Rock Oil moved for an award of attorney fees and costs, including expert witness costs, which totaled $151,512.42 through May 15, 2009. In a supplement to its motion filed July 8, 2009, Rock Oil sought an additional $10,363.50 in attorney fees and $223.40 in costs.

¶ 12 The trial court concluded that "due to the complex nature of digital forensics and electronic discovery especially considering the knowledge base in 2005," the possibility of infection by a computer virus, and the severity of the sanction, that Barnett "was substantially justified and the award of attorney fees and expenses would be unjust." "The burden of establishing *substantial justification* is on the party being sanctioned." *Payne v. Dewitt*, 1999 OK 93, ¶ 18, 995 P.2d 1088, 1096. (Emphasis in original; footnote omitted.)

¶ 13 Barnett claimed he was a computer novice, he took action to have infected and corrupt files removed because his computer was not working properly, and his actions did not cause the loss of any files relevant to the litigation because Rock Oil possesses documents relating to the oil theft claims. Barnett also claims his hard drive was physically destroyed while in the custody of the court-appointed neutral computer expert and he

had not been advised not to continue using his computer or repairing it. He argues his first document, which would relate to statute of limitations, was not even on his current computer, his prior computer was no longer available, and deposed witnesses could testify about when he told them of his observations.

¶ 14 The term "substantially justified" in the context of discovery sanctions has been described as "no different from the 'reasonable basis both in law and fact' formula adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed the issue." *Pierce v. Underwood*, 487 U.S. 552, 566, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The phrase "substantially justified" "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 565, 108 S.Ct. at 2550.

¶ 15 There was considerable dispute regarding interpretation of the logs on Barnett's computer and the programs which were used, installed, removed, and claimed to have caused an infection of the computer hard drive or to have allowed access. Following review of the evidence and the law, we conclude trial court's ruling on Rock Oil's request for an award of attorney fees and costs is not contrary to the weight of evidence or to a governing principle of law, and the ruling will not be disturbed.

## CONCLUSION

¶ 16 The trial court's denial of Rock Oil's motion for an award of attorney fees and costs under § 3237 because Barnett was substantially justified in his actions and because such an award would be unjust was not an abuse of discretion and is not contrary to the weight of evidence or to a governing principle of law. The denial of Rock Oil's motion seeking attorney fees and costs [5] will not be disturbed and it is **AFFIRMED.**

BELL, P.J., and MITCHELL, J., concur.

---

5. Rock Creek raises this same issue in a counter

appeal in Case No. 107,560, which the Oklahoma

Supreme Court ordered to be treated as a companion case to this appeal. Today we reach the same conclusion in the companion case.