**Viola Barnett DANIELLE, Petitioner,**

v.

**Carl THOMAS, Respondent.**

No. 38605.

Supreme Court of Oklahoma.

Oct. 4, 1960.

W. J. Hulsey, McAlester, for petitioner.

Bell & Tucker, McAlester, for respondent.

IRWIN, Justice.

On November 12, 1957, the exclusive care and custody of Sharon Sue Thomas, minor daughter of Carl Thomas and Viola Barnett Danielle, formerly Thomas, was granted to Carl and Viola was ordered to deliver said child to Carl. Pursuant to an application by Carl, the trial court, on January 22, 1959, commanded Viola to forthwith deliver the child to Carl and ordered a citation for contempt be served upon Viola commanding her to appear and show cause on January 26, 1959, why she should not be punished for contempt. The citation was returned without being served on Viola for the reason she "had left this section."

Viola filed an application for a writ of certiorari for this Court to review the proceedings resulting in the order of November 12, 1957, awarding custody of the child to Carl. Viola contends the order of November 12, 1957, is void and of no force and effect for the reasons that (1) the district court lacked jurisdiction because of lack of service of summons or notice on her, (2) that an assignment had not been made by the Supreme Court assigning the judge to hear the application resulting in the order complained of.

Pertinent facts necessary for the disposition of this case are: On November 19, 1956, the district court entered an order awarding custody of Sharon Sue Thomas to Carl. On March 5, 1957, Viola filed an application for a contempt citation against Carl for violating the order of November 19, 1956, with reference to custody of the child and filed a motion to modify the previous order relating to custody of the child and prayed she be granted exclusive custody. After a response was filed by Carl the resident judge certified his disqualifications and Honorable John Boyce McKeel, regular Judge of the 22nd Judicial District was assigned by the Chief Justice of the Supreme Court to hold court at McAlester, Pittsburg County, for a period of one day and such additional days as the business being heard by him should require, beginning March 26, 1957, at 10:00 a. m. On that date Judge McKeel heard the application and entered an order therein finding Carl not guilty of contempt, denied custody of the child to Viola and confirmed the former order granting exclusive custody to Carl.

Thereafter a proceeding was filed in this court which Carl contended was an attempt to appeal from the order made on March 26, 1957, but which this court considered as an application for a writ of habeas corpus. The writ was granted by this court and the custody of the minor child was confided to Viola, Alford v. Thomas, Okl., 316 P.2d 188.

On October 24, 1957, Viola, through her attorneys of record, filed an application to spread the mandate of record, and to require Carl to pay court costs and a reasonable attorney fee. Pursuant to request of Viola, Judge McKeel heard the application on October 30, 1957, with Viola appearing by and through her attorneys of record and Carl appearing by and through his attorneys, and an order was issued spreading the mandate of record, taxing costs and allowing attorney's fees to attorneys for Viola. At the same hearing and in open court, Carl filed an application to modify the divorce decree by awarding the exclusive custody of the minor child to him. The application was served on the attorneys for Viola and the certificate of the attorneys for Carl showing service was attached to the application. Upon application of her attorneys, Viola was granted eight days in which to file a response to the application, and the hearing on the application was set by order of Judge McKeel for November 12, 1957, Viola had adequate notice of the application, the time granted for filing a response and knew the day the cause was set for hearing.

On November 12, 1957, the application came on for hearing and the respondent appeared in person and by his attorney, but Viola failed to appear either in person or by attorney. The trial court thereupon decreed Viola to be in default and proceeded to hear the testimony and record evidence in support of the application and upon consideration thereof found Viola to be an unfit person to have the custody of the minor child; found Carl to be a fit and proper person for such custody and awarded the exclusive custody to Carl and directed Viola to surrender custody of the child to him.

The order of November 12, 1957, contains many findings, among them being:

"* * * And Plaintiff appears in person and by his attorney, Robert J. Bell and defendant appears not although duly called in open court; whereupon, the court examines the files

and records in this case, and finds that heretofore, on October 24, 1957, defendant herein moved this court to spread the mandate of the Supreme Court of record and filed herein request for judgment for court costs and for order for attorneys fees to attorneys, Hulsey & Hulsey; that pursuant to request of defendant, the undersigned judge came to McAlester on the 30th day of October, 1957, for the purpose of hearing matters in this cause; that at said time, plaintiff herein filed motion to modify previous orders as to child custody and for other relief, a copy thereof having been served upon defendant by means of delivering a copy to her attorney, W. J. Hulsey, in open court; that at the request of said W. J. Hulsey, attorney for defendant, this court entered an order directing plaintiff to pay him the sum of $100.00 attorneys fees for the hearing on the last motion to modify; whereupon, by stipulation of the parties, and by order of this court, defendant was given eight days to respond to the motion of the plaintiff and this hearing was set for November 12, 1957, at ten o'clock A.M., that defendant has filed no response herein. Whereupon, the court communicated with the said W. J. Hulsey, attorney for defendant, said attorney advising the court that he had notified his client Viola Thomas, now Alford, of the hearing on this date, both by mail and by personal conversation; that said attorney for defendant advised the court that defendant had no intention of being present at this hearing, that she had employed counsel in the State of Arkansas, where she is now located; that said attorney, W. J. Hulsey of the firm of Hulsey & Hulsey, was withdrawing from the case. * * *"

Subsequent to this proceeding, Viola and the minor child were located in Little Rock, Arkansas; Carl filed an application in the Chancery Court of Pulaski County for a writ of habeas corpus which was denied and from which order he appealed to the Supreme Court of that State. That Court reversed the action of the Chancery Court and confirmed and recognized the order of the District Court of Pittsburg County, made November 12, 1957, and custody of the minor child was confirmed in Carl. Viola failed to surrender custody of the child to Carl and a bench warrant was issued for Viola for contempt of court in failing to surrender custody. Before the warrant could be served, Viola left Arkansas and returned to Oklahoma and subsequently instituted this action.

We will first consider Viola's contention that the court lacked jurisdiction because of lack of service. Title 12 O.S.1959, Supp., Sec. 1277 which relates to care and custody of children in divorce action, provides that if there are children, the court shall make provisions for the guardianship, custody, support and education of the minor children and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment.

We have held the jurisdiction of the district courts of this state, regarding the care and custody of minor children of divorced parents, is continuing and the court wherein a divorce is granted can, on its own motion, or at the suggestion of any person interested, make such reasonable order as may be necessary upon either or both of the parties to provide for the guardianship, custody, support, and education of the minor child or children and such orders may be from time to time changed. See Sango v. Sango, 121 Okl. 283, 249 P. 925; Bynum v. Bynum, 184 Okl. 36, 84 P.2d 424. And we have held when a modification is sought of a divorce decree which fails to make any provisions for the support of a child, it is unnecessary to have summons issued and served, as the court has continuing jurisdiction of the subject matter upon notice given to the adverse party. Thompson v. Thompson, Okl., 347 P.2d 799.

Viola contends she was in the State of Arkansas, but the record is silent as to when she left the State of Oklahoma with the child. The record does show she appeared in the County Court of Pittsburg County on October 18, 1957, and that she filed her motion to spread the mandate of record, to tax costs and set attorney's fees on October 24, 1957. The records further show that pursuant to her request, the assigned Judge heard her request on October 30, 1957. On that date Carl filed his motion for change of custody of the minor child. A notice was served on Viola's attorney and by agreement of the attorneys for Viola and Carl and by formal order of the Court, Viola was granted eight days within which to file a response and the matter was set for hearing by the court. Viola had adequate notice of all the proceedings and failed to file a response or appear on the day set for the hearing.

■ It was unnecessary to have summons issued and served on Viola as the court had continuing jurisdiction to change the care and custody of the minor child upon notice given to her. She cannot now complain, because she failed and refused to appear on the date set for hearing the motion by formal order of the court, of which she had adequate notice, that the trial court lacked jurisdiction and we so hold.

Were the orders made on October 30, 1957, and November 12, 1957, by Honorable John Boyce McKeel, sitting as District Judge in Pittsburg County valid orders or were they void by reason of his not being reassigned by the Chief Justice of the Supreme Court to make further orders in the case for which he was originally assigned? H.B. 777, 1953 Legislature, now Title 20, Supp., 1953, Sec. 103.1 is as follows:

"Any District Judge designated by the Chief Justice to hold a term of court in another district * * * shall have continuing authority without further assignment, to make final disposition of any matter regularly sub-

mitted or tried before him during the term or period of time of his designation * * *."

■ After the habeas corpus matter had been decided by this Court, the mandate was forwarded to the Court Clerk of Pittsburg County. Upon application for an order spreading the mandate of record and for Court costs advanced by her and a request for attorney fees, and pursuant to her request Judge McKeel returned to Pittsburg County to determine such matter. While hearing such application, the motion for change of custody was filed by Carl and a copy of the motion was served on Viola's attorney. Upon request of Viola's attorneys, she was allowed time within which to file a response to the motion to modify. Viola knew at the time of the filing of the application to spread the mandate of record, cost and attorney fees that Judge McKeel was acting under the previous assignment of the Supreme Court and knew the matter would be heard by him, still acting under the original assignment. If she wanted to raise the question that Judge McKeel did not have the power or authority to act on the application to modify, it was her duty at the time it was filed and served, or at any time prior to the actual hearing to raise the question. In the case of Layne v. State, 23 Okl.Cr. 36, 212 P. 328, 330, it is said:

"An objection to the jurisdiction of a special or substitute judge should be made in the court in which he assumes to have jurisdiction. An objection made after the trial comes too late, and will be deemed, on appeal, to have been waived.* * *"

And in the case of Oklahoma Transp. Co. v. Lewis, 177 Okl. 106, 58 P.2d 128, the above excerpt was quoted and we held:

"A district judge who is authorized and assigned by the Chief Justice of this court to go to a county outside of his regular district and there hold court as a substitute or special judge may become a de facto judge of that

court when he continues to there hold court after the expiration of the period of days for which he was formally assigned to preside over such court, and if the plaintiff in an action then presents his cause and tries the same to a conclusion resulting in an adverse jury verdict and judgment, without questioning the authority or power of the special judge, such judgment is not void for lack of power in the judge to render it."

In Kelly v. Roetzel, 64 Okl. 36, 165 P. 1150, we held:

"Where an action is tried before a special judge selected by agreement of the parties in accordance with the statute and no question is raised in the trial court as to his power or authority to hear and determine the case or as to the regularity of his selection, such question cannot be urged for the first time in the Supreme Court on appeal."

and in the body of the opinion it is said:

"It is a general rule that objections to the authority of a special or substitute judge may be waived by the act or omission of a party, and ordinarily such objections are waived when they are not promptly made * * *."

See also McBride v. Foote, 63 Okl. 275, 165 P. 160.

■ Viola was properly in court; she had the opportunity to raise the question at the time the application was filed or at any time prior to the trial. This she did not do, but elected to remove herself and the minor child from the state and take a chance that the custody of the child would not be disturbed after the expression of the Supreme Court.

We therefore hold that Judge McKeel, sitting as District Judge of Pittsburg County, by virtue of an assignment by the Chief Justice of the Supreme Court had power and authority to enter the orders of October 30, 1957, and November 12, 1957, and the same are valid and binding.

The application for the writ of certiorari is therefore denied and the restraining order of this Court entered February 27, 1959, is dissolved.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WELCH and JOHNSON, JJ., dissent.