Judy **GORHAM**, Appellee,

v.

Jerry **GORHAM**, Appellant.

Nos. 58274, 60925.

Supreme Court of Oklahoma.

Dec. 18, 1984.

---

Harris & Riley by Richard G. Harris, Bartlesville, for appellee.

Jones, White & Beck by Robert M. Beck, Oklahoma City, for appellant.

LAVENDER, Justice:

The present case deals strictly with the propriety of the trial court's rulings regarding the custody of the minor daughter of the parties in this divorce action. The first appeal in this case challenges the portion of the divorce decree entered by the trial court in which custody was granted to appellee mother. The second appeal is from the trial court's denial of appellant's motion for new trial based on newly discovered evidence allegedly affecting the propriety of the grant of custody. Both appeals have been consolidated for consideration.

Appellee initiated this action by filing a petition for divorce on March 24, 1981. At the time of filing, appellee had separated from appellant and had taken the three year old minor child. Appellee and the child had moved into the home of a family approximately a week prior to the filing of the divorce. The wife of this family worked with appellee and had offered a room to appellee and the child if appellee wanted to separate from appellant.

At the filing of the divorce petition, a temporary order was issued granting custody of the child to appellee.

Trial was held in this matter on October 26 and 27, 1981. At trial appellee presented testimony of a child psychologist who had interviewed both appellee and the child. This witness testified that the child was very bright and developmentally normal. The psychologist recommended that custody be given to appellee because of the age of the child.

The balance of the evidence presented by both sides established that both appellee and appellant were more caring and loving parents. The evidence showed that appellant, prior to the separation, had not taken much interest in the care of the child, but that following the separation had developed a more caring attitude.

Appellee admitted at trial, that, during the separation, she had developed a very close relationship with another man, who, at the time of trial, was stationed in Germany with the Army. At one time during the separation, appellee had left the minor child in the care of the family with whom she was living, and had flown to California for a week to visit with this man at a time when he was stationed there. Prior to leaving, appellee had given the family au-

thority to provide medical care for the child if necessary.

At the close of this trial, the court stated that it wanted to consider the custody issue further. It stated that it was sure both parents were probably fit, but made the child a ward of the court with physical custody to be with appellee, and provided that a date for review of the custody matter would be set in the future.

On February 5, 1982, the trial court issued its ruling, finding appellee fit and awarding her custody of the child. The court also established a visitation schedule for appellant. Appellant brought an appeal from this order.

Subsequently, on March 24, 1982, appellant filed a motion for new trial before the trial court, on the basis of newly discovered evidence. The evidence, presented in the form of affidavits attached to the motion for new trial, came as statements from the family with whom appellant and the child had been living between the time of separation and the date of the trial in the case. These statements alleged that appellee had engaged in what appellant would characterize as serious moral transgressions.

In connection with these affidavits, appellant deposed appellee on April 26, 1982. In the course of this deposition, appellee admitted having had a brief affair prior to the separation and to having been involved in relationships with two men other than her boyfriend while he was in the Army. One of these men, she admitted, had been the husband of the family she had lived with during the separation.

The trial court issued an order denying appellant's motion for new trial on July 19, 1983. The court stated in this order that the matters raised in the motion for new trial would not have changed the court's

decision on placement of custody if they had been presented at trial. Appellant has also appealed from this order of the trial court.

### I.

Appellant's initial attack on the order of the trial court granting custody of the child to appellee is based on assertions concerning the supposed moral transgressions by appellee.

▪ While the moral transgressions of the parties are to be considered in the trial court's determination of what is in the best interest of the child in a custody determination,[1] the best interests of the child are of paramount concern. And, where it does not appear that the trial court has abused its discretion in making a determination of those best interests, the award of custody will not be reversed.[2] In reviewing this determination we will examine and weigh the evidence before the trial court.[3]

▪ A review of the record before the trial court fails to lend any credence to appellant's assertions. Appellant appears to be requesting a judgment based solely on appellee's moral conduct. This is not the only factor on which a determination may be based. It is not the function of this Court or the trial court to impose judgment based solely upon individualized conceptions of morality. The determinative factor in this case, as in all such cases, must be the effect of the questioned behavior on the welfare of the child. To establish an abuse of the trial court's discretion, there must be a showing that this requisite nexus is present and that the effect of the behavior is detrimental to the best interests of the child.[4]

▪ The evidence in the present case established that appellee did leave the child

---

1. See *Irwin v. Irwin,* 416 P.2d 853 (Okla.1966).

2. *Duncan v. Duncan,* 449 P.2d 267 (Okla.1969).

3. See *Carpenter v. Carpenter,* 645 P.2d 476 (Okla.1982).

4. In the cases dealing with the question of change of custody as well as in cases dealing with the question of the grant of primary custody, we have stated that the primary consideration is always to be what is in the best interest of the child. Compare *David v. David,* 460 P.2d

in custody of others at times in order to work or to go visit her boyfriend in California, or to go out for an evening. However, the evidence also establishes that the child was well cared for by those with whom she was left at these times.

The evidence also established that appellee had been involved in several relationships. It, however, fails to connect this behavior to the possibility of detriment to the child. On the contrary, the evidence tends to establish that appellee was rather discrete as regards these aspects of her personal life, and generally shielded the child from direct exposure to her personal activities.

These factors clearly distinguish this case from the cases which appellant cites and relies on to establish an abuse of the trial court's discretion. In each of those cases [5] the requisite nexus between the behavior and detriment to the child was clearly extant. Here appellant asks, in effect, that we assume this detriment to exist from the mere presence of what he characterizes as immoral behavior.

The trial court in the present case found that both parents were fit. The trial court found that the actions of appellee had not been detrimental to the welfare of the child. The evidence before the trial court supports this conclusion. We decline to overturn the trial court's initial determination and grant of custody to appellee.

## II.

Appellant also challenges the trial court's denial of his motion for new trial based on newly discovered evidence.

■ A request to the trial court for a new trial based on newly discovered evidence in a divorce action is addressed to the sound discretion of the trial court, whose ruling will not be reversed in the absence of a showing of an abuse of that discretion.[6] In the case of *Lucas v. Hockett*,[7] we recited the rule that the granting of a new trial on the ground of newly discovered evidence requires the fulfillment of certain requirements. The first requirement listed was that, "It must be such as will probably change the result if a new trial is granted." In the present case this purported newly discovered evidence was presented to the trier of fact, who ruled that it would not have changed the decision by the court if it had been presented at trial.

■ Additionally, we have reviewed the proffered evidence, and the depositions of appellee taken in conjunction with the motion for new trial, and agree with the trial court that the misbehavior attributed to appellee by the evidence does not have the required nexus of detriment to the best interests of the child. We therefore find no abuse of discretion in the trial court's ruling.

116 (Okla.1969) with *Waller v. Waller*, 439 P.2d 952 (Okla.1968). We have thus required that, in a case involving a motion to modify, the moving party be required to show evidence establishing a change of conditions and that this change be shown to have a substantive effect on the best interests of the child. *David v. David*, supra; *Gibbons v. Gibbons*, 442 P.2d 482 (Okla.1968). By analogy, one who challenges the trial court's determination on custody, as to the best interests of the child, must put forth the evidence presented upon which he relies to establish the trial court's error *and* he must affirmatively show how this evidence shows the trial court's decision to have been contrary to the child's best interests.

5. E.G. *Penn v. Penn*, 37 Okla. 650, 133 P. 207 (1913); *McBroom v. McBroom*, 14 Utah 2d 393, 384 P.2d 961 (1963). Additionally, appellant's reliance on the case of *Wells v. Wells*, 648 P.2d

1223 (Okla.1982), is misplaced. In *Wells*, this Court stated that allegations of moral transgressions were sufficient to require the determination by the trial court of the question of whether these transgressions had an adverse effect on the child's best interests as a question of fact. This Court thus held that it was error for the trial court to sustain a demurrer which prevented a full scale judicial inquiry into the childrens' environment. See *Wells v. Wells*, supra, (Opala, J., concurring). In the present case we are presented with a complete record which has thus allowed a full scale judicial inquiry into the environment provided by both parties.

6. *DuBoise v. DuBoise*, 418 P.2d 924 (Okla.1966).

7. 469 P.2d 237, 242 (Okla.1970).

### III.

The trial court in this case found that both appellant and appellee loved and cared for the minor child. Under the circumstances, the court found that the best interests of the child would be served by remaining in the custody of appellee. We find the ruling of the trial court on the question of custody to be supported by the evidence and find no abuse of discretion in the grant of custody or in the denial of the motion for new trial. The trial court's rulings on both questions are therefore affirmed.

SIMMS, V.C.J., and HODGES, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

BARNES, C.J., and HARGRAVE and OPALA, JJ., dissent.