2000 OK CIV APP 136

**Stephanie Nicole ACOX,
Plaintiff/Appellant,**

v.

**Bryan M. ACOX, Defendant/Appellee.**

**No. 93,056.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 1, 2000.

Certiorari Denied Nov. 21, 2000.

Richard J. Goralewicz, Turner, Turner, Braun & Goralewicz, Oklahoma City, for Plaintiff /Appellant.

David O. Blankenship, Ardmore, for Defendant/Appellee.

## *OPINION*

GARRETT, Judge:

¶ 1 Appellant, Stephanie Nicole Acox, sued Appellee, Bryan M. Acox, for a divorce. Issues adjudicated in the divorce action became final, except the issue of child custody. Stephanie appeals and contends the court abused its discretion in awarding custody of the parties' minor child to Bryan. She contends custody was awarded to Bryan because she was working outside the home. She also contends the custody decision was based on the fact that she had moved, since the divorce, to an apartment in Texas, while Bryan lived in a rural area on his family's property. She contends the court placed a disproportionate amount of consideration to Bryan's family's advantages, such as helping to support him and the child and allowing them to live on their rural property.

¶ 2 Our standard of review in a custody matter is that the judgment will not be reversed unless the decision was contrary to law or clearly against the weight of the evidence. See *Gorham v. Gorham*, 1984 OK 90, 692 P.2d 1375. In *Gorham*, supra, the court said, "... the best interest of the child are of paramount concern. And, where it does not appear that the trial court has abused its discretion in making a determination of those best interests, the award of custody will not be reversed." Custody and

visitation are matters of equitable cognizance and are left to the sound discretion of the trial court. *Kahre v. Kahre,* 1995 OK 133, 916 P.2d 1355. The party alleging error in the court's determination of custody must set forth the evidence upon which he/she relies and must affirmatively show how the determination is contrary to the best interest of the child. See, *Gorham v. Gorham,* supra.

¶3 Here, the court said: "... I am not finding either parent is not a good parent. I believe both parents in this case care about the child and would be a proper home for the child. I find the best interest of the child in this case is served by my order primarily due to the work schedule of the parents and who is most available during the week, and who is most available other times."

¶4 The testimony showed Bryan worked out of his home as a boot maker. His home is provided by his parents on their property. Stephanie worked during the week in Texas where she made her home. Due to the nature of his work, Bryan was more available during the week. The court did allow extended weekend visitation to Stephanie, when she was available. She correctly contends that gender may no longer be a determinative factor in a child custody contest. However, she, in effect, contends that she, as a mother, should have an advantage over the father. More importantly, she has not shown the court used anything other than the "best interest" test as the basis for custody.

¶5 "The trial court is entitled to choose which testimony to believe as the judge has the advantage over this Court in observing the behavior and demeanor of the witnesses." *Mueggenborg v. Walling,* 1992 OK 121, 836 P.2d 112. The court had the parties before it and was in the best position to determine that which will be in the best interest of the child. We cannot say that the judgment is contrary to the clear weight of the evidence, or that it is contrary to law.

¶6 AFFIRMED.

CARL B. JONES, P.J., and BUETTNER, J., concur.