OSCN Found Document:SNYDER v. LEAGUE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 SNYDER v. LEAGUE
2024 OK CIV APP 21
Case Number: 121411
Decided: 08/14/2024
Mandate Issued: 09/05/2024
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I

Cite as: 2024 OK CIV APP 21, __ P.3d __

 

JAMES STEVEN SNYDER, Plaintiff/Appellant,
v.
ERICA LYNN LEAGUE, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODWARD, TRIAL JUDGE

AFFIRMED

Christopher D. Smith, Sarah D. Willey, Tommy J. Pfeil, THE SMITH FIRM, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Patrick Lee Neville Jr., CHEEK & FALCONE, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, VICE-CHIEF JUDGE:

¶1 In this post-paternity action, Appellant/Plaintiff, James Steven Snyder (Father), appeals from the trial court's journal entry denying Father's motion for new trial or in the alternative motion to reconsider. Father requested the trial court to reconsider its judgment modifying the court's emergency custody and visitation order and awarding Appellee/Defendant, Erica Lynn League (Mother), sole custody of the parties' minor child and reinstating Father's previous visitation with a few modifications. Father contends the trial court abused its discretion when it denied his motion for a new trial because the court should have entered a judgment granting Father equal-time with the minor child and the court should have issued findings of fact and conclusions of law as mandated by 43 O.S. 2021 §110.1. Father also contends the trial court should have granted a new trial because it erroneously failed to apply 43 O.S. 2021 §112.2(B)(3) and award Father custody due to Mother's substance abuse. Father also challenges the trial court's evidentiary rulings when it excluded Father's evidence of Mother's substance abuse treatment and when it admitted certain exhibits and hearsay evidence over Father's objection. We hold §110.1 is inapplicable to this paternity proceeding. We further hold the trial court consider §112.2(B)(3) when it awarded Mother sole custody of the child and reinstated Father's previously awarded visitation. We finally hold Father failed to show he was prejudiced by the trial court's evidentiary rulings and that such rulings did not amount to reversible error. Because we hold in this matter, we cannot find the trial court abused its discretion when it denied Father's motion for a new trial. The trial court's order and the underlying custody judgment are affirmed.

¶2 Mother and Father were never married. The minor child was born June 8, 2018, and resided with Mother. Father filed a paternity action, and the court entered an agreed judgment December 2018 awarding Mother legal and primary physical custody of the minor child and Father supervised visitation. The court also entered a protective order against Father and in favor of Mother. In July 2020, the court lifted the requirement that Father's visitation be supervised. On December 16, 2020, the court granted the parties shared physical custody with equal-time.

¶3 In December 2020, Mother was involved in a single car accident and the minor child was in the vehicle. Mother was arrested and charged with child endangerment, child neglect, leaving the scene of the accident, possession of controlled dangerous substances and driving under the influence of drugs. Father obtained temporary emergency custody of the child on December 29, 2020. The court suspended Mother's visitation. Mother pled guilty to the charges and received a deferred sentence. Mother entered drug rehabilitation. In January 2021, Father moved to modify custody and visitation. Father cited the vehicle accident as the material substantial permanent change in conditions that warranted changing the primary physical and legal custody of the child to Father and modifying Mother's visitation. Mother objected to Father's motion, and she requested the court to "grant her such other and further relief as is just and equitable."

¶4 At the trial on Father's motion to modify, Mother testified that she is a veterinarian. She acknowledged her drug addiction and discussed her time in drug rehabilitation. Mother testified she became dependent upon pain killers - ketamine - after she had surgery for a dog mauling. Mother testified she has been drug-free over a year; she is extensively drug tested by the Oklahoma Health Professionals Program (OHPP); and she no longer works with or around controlled substances. She stated she can modify her work schedule to accommodate her daughter's needs. Mother testified and produced recordings and written evidence showing that Father was verbally abusive towards Mother in the child's presence; he denied Mother visitation when he was angry at Mother; and he demanded sex from Mother in exchange for visitation. Mother testified that without her permission, Father sold Mother's clothing and personal effects at a garage sale. The evidence also showed that after Father obtained emergency custody of the child, Father was criminally charged for violating protective orders on behalf of Mother.

¶5 Father produced evidence concerning Mother's accident and her drug dependency. Father attempted to elicit testimony from Mother regarding her conversations with her therapist and other records while Mother was inpatient at a drug treatment center. Mother's counsel objected to this line of questioning citing 12 O.S. 2021 §2503, the patient/counselor privilege. The court disallowed this evidence.

¶6 On January 30, 2023, the court entered an order denying Father's motion to modify custody and visitation. The court reinstated the parties agreed-to order awarding Mother sole legal custody of the child and awarding Father visitation in accordance with the physical custody schedule filed January 14, 2021, along with a few modifications. Father now appeals.

¶7 For his first assignment of error, Father contends the trial court erred when it failed to grant his motion for new trial. This Court will reverse a trial court's order denying a motion for new trial only if we determine the trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law. Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99, ¶16, 928 P.2d 291. Father timely filed his motion for new trial within ten days after the filing of the final judgment,[1] consequently, his post judgment motion for new trial extended his time to appeal the trial court's final custody judgment. See 12 O.S. 2021 §990.2. We also point out the resolution of this assignment of error depends on whether this Court finds the trial court committed reversible error in the underlying post-paternity custody/visitation modification proceeding. We thus address the merits of Father's assignments of error related to the underlying judgment modifying custody and visitation.

¶8 The trial court's paramount consideration in a custody/visitation proceeding is the best interests of the child. Daniel v. Daniel, 2001 OK 117, ¶21, 42 P.3d 863. The trial court's underlying judgment in this post-paternity modification action is an equitable matter; thus, the trial court's ruling will not be disturbed unless it is against the clear weight of the evidence respecting the child's best interests. Manhart v. Manhart, 1986 OK 12, ¶14, 725 P.2d 1234. In custody modification matters, this Court gives great deference to the trial court's judgment because the trial judge is better able to determine controversial evidence by observing the witnesses and their demeanor. Id. at ¶15. Father, as the appealing party, has the burden to show that the trial court's decision is erroneous and contrary to the child's best interests. Daniel at ¶21.

¶9 Father argues the trial court erred when it sua sponte modified and reduced Father's parenting time because Mother did not plead for or request such relief. Father contends he was denied due process because he was not provided with notice that the court may modify the equal-time visitation; thus, he was not prepared to address this issue at trial. We reject this assignment of error. Once Father invoked the trial court's modification jurisdiction, the court had the equitable authority to enter a custody/visitation order in the child's best interests. See 43 O.S. 2021 §112(C)(3). The court's jurisdiction regarding the care and custody of a minor child is continuing and the court on its own motion may make any reasonable order as may be necessary for the minor child's custody (and visitation) and such order may be changed from time to time. Danielle v. Thomas, 1960 OK 202, ¶10, 355 P.2d 1000.

¶10 Furthermore, Mother's response to Father's motion to modify specifically requested that Mother be granted "such other and further relief as is just and equitable." Father was provided with notice that Mother objected to his motion to modify and she sought just and equitable relief on her own behalf. Accordingly, we reject Father's attempt to wrench jurisdiction from the trial court to modify the equal-time visitation order.

¶11 Father next argues the parent-child relationship is a fundamental relationship. We agree with this statement of law. Father also contends Oklahoma public policy as set forth in 43 O.S. 2021 §110.1 dictates Father should have equal-time with the child, absent a showing of detriment. He claims the trial court committed reversible error by failing to adhere to this public policy. Initially, we dispel Father's claim that §110.1 is applicable in this paternity proceeding. Section 110.1 provides:

It is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interests of their children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage. The court may consider evidence of the ability of the parents to cooperate on issues related to their minor children, as well as evidence of domestic violence, stalking, or harassment as defined in Section 109 of this title. To effectuate this policy, if requested by a parent, the court may provide substantially equal access to the minor children to both parents at a temporary order or final hearing, unless the court finds that shared parenting would be detrimental to the child. The court shall issue findings of fact and conclusions of law to support its decision after a final hearing on the merits. (Emphasis added.)

Section 110.1, by its language, is limited to separation and dissolution of marriage proceedings. Mother and Father were never married. We therefore conclude §110.1 is inapplicable in this post-paternity custody and visitation proceeding.

¶12 Father next argues the trial court erred when it failed to issue findings of fact and conclusion of law as required by §110.1. Because we hold §110.1 is inapplicable in a paternity proceeding, we further hold the trial court was not bound by §110.1's mandate for court-issued findings of fact and conclusions of law.

¶13 Even if §110.1 was applicable (which it is not), we reject Father's claim that there was no evidence of detriment which would negate the "equal-access" presumption of §110.1. The record contains evidence of Father's angry outbursts towards Mother in front of the child, Mother's protective orders against Father, and Father's written threats to withhold Mother's access to the child whenever Father disagreed or was angry with Mother. When evaluating a parent's behavior regarding visitation, "[t]he determinative factor ... must be the effect of the questioned behavior on the welfare of the child." Gorham v. Gorham, 1984 OK 90, ¶14, 692 P.2d 1375. The court observed Father's demeanor, considered Mother's evidence consisting of the parties' texts and emails, and listened to recorded conversations between Mother and Father. Based on this evidence, it was not error for the court to conclude that Father's coercive and violent behavior and verbal abuse of Mother, sometimes in the child's presence, necessitated the reduction of his equal-time and the reinstatement of the prior agreed to visitation schedule.

¶14 While §110.1 is inapplicable to this paternity proceeding, 43 O.S. 2021 §112(C)(3) provides guidance with respect to visitation in paternity matters. That section states, in part:

When in the best interests of the child, custody shall be awarded in a way which assures the frequent and continuing contact of the child with both parents. When awarding custody to either parent, the court:

a. shall consider, among other facts, which parent is more likely to allow the child or children frequent and continuing contact with the noncustodial parent[.]

Father has not sustained his burden of showing that the trial court failed to consider these statutory mandates in making its visitation decision. We therefore reject Father's contention that the trial court abused its discretion and committed reversible error when it failed to provide him equal-time with the child.

¶15 For his next assignment of error, Father asserts the trial court committed reversible error in granting sole custody to Mother because it failed to consider 43 O.S. 2021 §112.2(B)(3). This section provides:

There shall be a rebuttable presumption that it is not in the best interests of the child to have custody or guardianship granted to a person who:

3. Is an alcohol-dependent person or a drug-dependent person as established by clear and convincing evidence and who can be expected in the near future to inflict or attempt to inflict serious bodily harm to himself or herself or another person as a result of such dependency.

Based on the trial court's announcement at the conclusion of trial, the trial court considered Mother's drug dependency and her extensive rehabilitation efforts as well as Father's behavior in making its custody decision. The court stated Mother has her "act together a little better than [Father] does," and awarded custody to Mother. Furthermore, Father failed to produce evidence that Mother's sobriety was at risk or that Mother could be expected, in the near future, to cause bodily harm to herself or the child. We therefore reject this assignment of error.

¶16 For his next assignment of error, Father argues the trial court erred when it excluded Father's evidence relating to Mother's record at an inpatient treatment facility. The court excluded this evidence under 12 O.S. 2021 §2503 (physician and psychotherapist-patient privilege.) Father claims this evidence was necessary to impeach Mother's claim that she is not an addict. At trial, Mother testified "I did have an addiction, yes." She also testified she will be monitored by the veterinary board for five (5) to ten (10) years, she no longer works around veterinary controlled substances, and she will have five (5) years of drug monitoring. Based on Mother's own admissions, this excluded evidence was not necessary to impeach Mother's testimony.

¶17 Father finally claims the trial court erred when it allowed Mother's hearsay evidence from DHS and allowed Mother to present exhibits that Mother only provided a week before trial. Evidentiary rulings concerning the admission of evidence are measured against the abuse of discretion standard. Holm-Waddle v. William D. Hawley, M.D., Inc., 1998 OK 53, ¶5, 967 P.2d 1180. Father, as the party objecting to the court's evidentiary rulings, has the burden of showing that the rulings were prejudicial. Doyle v. Douglas, 1964 OK 65, ¶10, 390 P.2d 871. The test of prejudice is the likelihood the result would have been different had the evidence been admitted. Hartford Ins. Co. of Midwest v. Dyer, 2002 OK CIV APP 126, ¶17, 61 P.3d 912. This was a bench trial; thus, this Court usually assumes the trial court disregarded incompetent evidence when rendering its judgment, unless the contrary clearly appears. Duke v. Duke, 2020 OK 6, ¶26, 457 P.3d 1073. Father failed to show how he was prejudiced by these rulings, that the trial court improperly considered incompetent evidence or that the outcome of the trial could have been different had this evidence been excluded.

¶18 AFFIRMED.

SWINTON, P.J., concurs and DOWNING, J., (sitting by designation), concurs in

result.

FOOTNOTES

[1] Title 12 O.S. 2021 §653(A) dictates a motion for new trial must be filed not later than ten (10) days after the judgment is filed. Section 653(B) provides if the moving party does not prepare the judgment, the motion must be filed not later than ten (10) days after the earliest date on which the court records show a copy of the judgment was mailed to the moving party.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2002 OK CIV APP 126, 61 P.3d 912, 
HARTFORD INSURANCE COMPANY v. DYER
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 117, 42 P.3d 863, 72 OBJ 3708, 
DANIEL v. DANIEL
Discussed

 
1960 OK 202, 355 P.2d 1000, 
DANIELLE v. THOMAS
Discussed

 
1964 OK 65, 390 P.2d 871, 
DOYLE v. DOUGLAS
Discussed

 
1996 OK 99, 928 P.2d 291, 67 OBJ 2798, 
Dominion Bank of Middle Tennessee v. Masterson
Discussed

 
2020 OK 6, 457 P.3d 1073, 
DUKE v. DUKE
Discussed

 
1998 OK 53, 967 P.2d 1180, 69 OBJ 2341, 
HOLM-WADDLE v. HAWLEY
Discussed

 
1984 OK 90, 692 P.2d 1375, 
Gorham v. Gorham
Discussed

 
1986 OK 12, 725 P.2d 1234, 57 OBJ 877, 
Manhart v. Manhart
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2503, 
Physician- and Psychotherapist-Patient Privilege
Discussed

 
12 O.S. 653, 
Time for Filing Application for New Trial
Cited

 
12 O.S. 990.2, 
Post-Trial Motions - Matters Taken Under Advisement - Costs, Attorney Fees, and Interest
Cited

Title 43. Marriage

 
Cite
Name
Level

 
43 O.S. 110.1, 
Policy for Equal Access to Minor Children by Parents
Discussed

 
43 O.S. 112.2, 
Custody, Guardianship, Visitation - Mandatory Considerations
Discussed

 
43 O.S. 112, 
Care, Custody, and Support of Minor Children
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA