SNYDER v. LEAGUE
2024 OK CIV APP 21
Case Number: 121411
Decided: 08/14/2024
Mandate Issued: 09/05/2024
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2024 OK CIV APP 21, __ P.3d __

 

JAMES STEVEN SNYDER, Plaintiff/Appellant,
v.
ERICA LYNN LEAGUE, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODWARD, TRIAL JUDGE

AFFIRMED

Christopher D. Smith, Sarah D. Willey, Tommy J. Pfeil, THE SMITH FIRM, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Patrick Lee Neville Jr., CHEEK & FALCONE, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, VICE-CHIEF JUDGE:

¶1 In this post-paternity action, Appellant/Plaintiff, James Steven Snyder (Father), appeals from the trial court's journal entry denying Father's motion for new trial or in the alternative motion to reconsider. Father requested the trial court to reconsider its judgment modifying the court's emergency custody and visitation order and awarding Appellee/Defendant, Erica Lynn League (Mother), sole custody of the parties' minor child and reinstating Father's previous visitation with a few modifications. Father contends the trial court abused its discretion when it denied his motion for a new trial because the court should have entered a judgment granting Father equal-time with the minor child and the court should have issued findings of fact and conclusions of law as mandated by 43 O.S. 2021 §110.143 O.S. 2021 §112.2

¶2 Mother and Father were never married. The minor child was born June 8, 2018, and resided with Mother. Father filed a paternity action, and the court entered an agreed judgment December 2018 awarding Mother legal and primary physical custody of the minor child and Father supervised visitation. The court also entered a protective order against Father and in favor of Mother. In July 2020, the court lifted the requirement that Father's visitation be supervised. On December 16, 2020, the court granted the parties shared physical custody with equal-time.

¶3 In December 2020, Mother was involved in a single car accident and the minor child was in the vehicle. Mother was arrested and charged with child endangerment, child neglect, leaving the scene of the accident, possession of controlled dangerous substances and driving under the influence of drugs. Father obtained temporary emergency custody of the child on December 29, 2020. The court suspended Mother's visitation. Mother pled guilty to the charges and received a deferred sentence. Mother entered drug rehabilitation. In January 2021, Father moved to modify custody and visitation. Father cited the vehicle accident as the material substantial permanent change in conditions that warranted changing the primary physical and legal custody of the child to Father and modifying Mother's visitation. Mother objected to Father's motion, and she requested the court to "grant her such other and further relief as is just and equitable."

¶4 At the trial on Father's motion to modify, Mother testified that she is a veterinarian. She acknowledged her drug addiction and discussed her time in drug rehabilitation. Mother testified she became dependent upon pain killers - ketamine - after she had surgery for a dog mauling. Mother testified she has been drug-free over a year; she is extensively drug tested by the Oklahoma Health Professionals Program (OHPP); and she no longer works with or around controlled substances. She stated she can modify her work schedule to accommodate her daughter's needs. Mother testified and produced recordings and written evidence showing that Father was verbally abusive towards Mother in the child's presence; he denied Mother visitation when he was angry at Mother; and he demanded sex from Mother in exchange for visitation. Mother testified that without her permission, Father sold Mother's clothing and personal effects at a garage sale. The evidence also showed that after Father obtained emergency custody of the child, Father was criminally charged for violating protective orders on behalf of Mother.

¶5 Father produced evidence concerning Mother's accident and her drug dependency. Father attempted to elicit testimony from Mother regarding her conversations with her therapist and other records while Mother was inpatient at a drug treatment center. Mother's counsel objected to this line of questioning citing 12 O.S. 2021 §2503

¶6 On January 30, 2023, the court entered an order denying Father's motion to modify custody and visitation. The court reinstated the parties agreed-to order awarding Mother sole legal custody of the child and awarding Father visitation in accordance with the physical custody schedule filed January 14, 2021, along with a few modifications. Father now appeals.

¶7 For his first assignment of error, Father contends the trial court erred when it failed to grant his motion for new trial. This Court will reverse a trial court's order denying a motion for new trial only if we determine the trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law. Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99928 P.2d 291See 12 O.S. 2021 §990.2

¶8 The trial court's paramount consideration in a custody/visitation proceeding is the best interests of the child. Daniel v. Daniel, 2001 OK 11742 P.3d 863Manhart v. Manhart, 1986 OK 12725 P.2d 1234Id. at ¶15. Father, as the appealing party, has the burden to show that the trial court's decision is erroneous and contrary to the child's best interests. Daniel at ¶21.

¶9 Father argues the trial court erred when it sua sponte modified and reduced Father's parenting time because Mother did not plead for or request such relief. Father contends he was denied due process because he was not provided with notice that the court may modify the equal-time visitation; thus, he was not prepared to address this issue at trial. We reject this assignment of error. Once Father invoked the trial court's modification jurisdiction, the court had the equitable authority to enter a custody/visitation order in the child's best interests. See 43 O.S. 2021 §112Danielle v. Thomas, 1960 OK 202355 P.2d 1000

¶10 Furthermore, Mother's response to Father's motion to modify specifically requested that Mother be granted "such other and further relief as is just and equitable." Father was provided with notice that Mother objected to his motion to modify and she sought just and equitable relief on her own behalf. Accordingly, we reject Father's attempt to wrench jurisdiction from the trial court to modify the equal-time visitation order.

¶11 Father next argues the parent-child relationship is a fundamental relationship. We agree with this statement of law. Father also contends Oklahoma public policy as set forth in 43 O.S. 2021 §110.1

It is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interests of their children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage. The court may consider evidence of the ability of the parents to cooperate on issues related to their minor children, as well as evidence of domestic violence, stalking, or harassment as defined in Section 109 of this title. To effectuate this policy, if requested by a parent, the court may provide substantially equal access to the minor children to both parents at a temporary order or final hearing, unless the court finds that shared parenting would be detrimental to the child. The court shall issue findings of fact and conclusions of law to support its decision after a final hearing on the merits. (Emphasis added.)

Section 110.1, by its language, is limited to separation and dissolution of marriage proceedings. Mother and Father were never married. We therefore conclude §110.1 is inapplicable in this post-paternity custody and visitation proceeding.

¶12 Father next argues the trial court erred when it failed to issue findings of fact and conclusion of law as required by §110.1. Because we hold §110.1 is inapplicable in a paternity proceeding, we further hold the trial court was not bound by §110.1's mandate for court-issued findings of fact and conclusions of law.

¶13 Even if §110.1 was applicable (which it is not), we reject Father's claim that there was no evidence of detriment which would negate the "equal-access" presumption of §110.1. The record contains evidence of Father's angry outbursts towards Mother in front of the child, Mother's protective orders against Father, and Father's written threats to withhold Mother's access to the child whenever Father disagreed or was angry with Mother. When evaluating a parent's behavior regarding visitation, "[t]he determinative factor ... must be the effect of the questioned behavior on the welfare of the child." Gorham v. Gorham, 1984 OK 90692 P.2d 1375

¶14 While §110.1 is inapplicable to this paternity proceeding, 43 O.S. 2021 §112

When in the best interests of the child, custody shall be awarded in a way which assures the frequent and continuing contact of the child with both parents. When awarding custody to either parent, the court:

a. shall consider, among other facts, which parent is more likely to allow the child or children frequent and continuing contact with the noncustodial parent[.]

Father has not sustained his burden of showing that the trial court failed to consider these statutory mandates in making its visitation decision. We therefore reject Father's contention that the trial court abused its discretion and committed reversible error when it failed to provide him equal-time with the child.

¶15 For his next assignment of error, Father asserts the trial court committed reversible error in granting sole custody to Mother because it failed to consider 43 O.S. 2021 §112.2

There shall be a rebuttable presumption that it is not in the best interests of the child to have custody or guardianship granted to a person who:

3. Is an alcohol-dependent person or a drug-dependent person as established by clear and convincing evidence and who can be expected in the near future to inflict or attempt to inflict serious bodily harm to himself or herself or another person as a result of such dependency.

Based on the trial court's announcement at the conclusion of trial, the trial court considered Mother's drug dependency and her extensive rehabilitation efforts as well as Father's behavior in making its custody decision. The court stated Mother has her "act together a little better than [Father] does," and awarded custody to Mother. Furthermore, Father failed to produce evidence that Mother's sobriety was at risk or that Mother could be expected, in the near future, to cause bodily harm to herself or the child. We therefore reject this assignment of error.

¶16 For his next assignment of error, Father argues the trial court erred when it excluded Father's evidence relating to Mother's record at an inpatient treatment facility. The court excluded this evidence under 12 O.S. 2021 §2503

¶17 Father finally claims the trial court erred when it allowed Mother's hearsay evidence from DHS and allowed Mother to present exhibits that Mother only provided a week before trial. Evidentiary rulings concerning the admission of evidence are measured against the abuse of discretion standard. Holm-Waddle v. William D. Hawley, M.D., Inc., 1998 OK 53967 P.2d 1180Doyle v. Douglas, 1964 OK 65390 P.2d 871Hartford Ins. Co. of Midwest v. Dyer, 2002 OK CIV APP 12661 P.3d 912Duke v. Duke, 2020 OK 6457 P.3d 1073

¶18 AFFIRMED.

SWINTON, P.J., concurs and DOWNING, J., (sitting by designation), concurs in

result.

FOOTNOTES

12 O.S. 2021 §653